IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

PERRY KING,

                Petitioner,

v.

MATTHEW MARSKE,

                Respondent.

OPINION and ORDER

19-cv-736-jdp

---

Federal prisoner Perry King, appearing pro se, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. In 2014, King pleaded guilty to being a felon in possession of a firearm. *United States v. King*, No. 13-cr-50063 (N.D. Ill.). King contends that his plea is now invalid under *Rehaif v. United States*, 139 S. Ct. 2191 (2019), a case in which the Supreme Court clarified that the government must prove that the defendant knows that he belongs to a group covered under the statute barring possession of firearms. King's petition is before me for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases, which the court may apply to Section 2241 petitions. *See* Rule 1(b), Rules Governing Section 2254 Cases.

I conclude that this isn't a valid § 2241 petition. The general rule for federal prisoners is that a collateral attack must be brought under 28 U.S.C. § 2255, but a prisoner may bring a § 2241 petition if § 2255 "is inadequate or ineffective to test the legality of his detention." Section 2255(e). King says that § 2255 would be ineffective here, but he does not explain why. Most commonly, a prisoner is allowed to use 2255(e)'s "savings clause" because he has already filed a § 2255 motion in his sentencing court, and the court of appeals will not authorize a second or successive § 2255 motion. That isn't the case here. King has not filed a previous § 2255 motion, so he should be able to do that now. Accordingly, my options are to either

dismiss this § 2241 petition or transfer it to the United States District Court for the Northern District of Illinois to be treated as a § 2255 motion. I won't convert the petition without King's approval, because he gets only one chance at a § 2255 motion before needing the court of appeals' permission to file one. So I'll give King a short time to explain whether he wants his petition transferred.

ORDER

IT IS ORDERED that petitioner Perry King may have until November 5, 2019, to inform the court if he would like this this § 2241 petition transferred to the United States District Court for the Northern District of Illinois. If King does not respond by this deadline, I will dismiss the petition without prejudice.

Entered October 15, 2019.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge